UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0031(1) (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| ARTURO PADILLA GARCIA, | |
| Defendant. | |

Defendant Arturo Padilla Garcia has filed a pro se motion asking this Court to reconsider its July 14, 2015 order reducing his sentence under 18 U.S.C. § 3582(c)(2). ECF No. 233. A jury convicted Padilla Garcia of one count of conspiring to distribute methamphetamine and three counts of distributing methamphetamine, and the Court sentenced him to 121 months' imprisonment. Pursuant to the United States Sentencing Commission's 2014 amendment to the drug-offense sentencing guideline, *see* U.S.S.G. § 1B1.10(d), app. C amend. 782, the Court reduced Padilla Garcia's term of imprisonment to 120 months. Because the amount of methamphetamine involved in Padilla Garcia's offenses was at least 50 grams, the statute under which Padilla Garcia was convicted mandates a sentence of at least 120 months. *See* 21 U.S.C. § 841(b)(1)(B).

Padilla Garcia now contends that he should have received a greater reduction. But this Court has no authority to reduce Padilla Garcia's sentence below the mandatory-minimum sentence of 120 months, for two reasons:

First, reducing Padilla Garcia's sentence below 120 months would be inconsistent with the United States Sentencing Guidelines themselves. Under 18 U.S.C. § 3582(c)(2), the Court may reduce a sentence pursuant to an amendment to the guidelines only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also Dillon v. United States*, 560 U.S. 817, 826 (2010). Under one of those policy statements—§ 1B1.10(b)(2)(A)—the Court may not reduce a sentence "to a term that is less than the minimum of the amended guideline range." Section 5G1.1(c)(2), in turn, provides that the bottom of any guideline range cannot be less than an applicable statutory minimum. In short, because the bottom of an amended guideline range cannot be less than the statutory minimum under § 5G1.1(c)(2), and because the Court cannot impose a sentence below the bottom of an amended guideline range under § 1B1.10(b)(2)(A), a sentence below a statutory minimum would violate the guidelines themselves. *See* U.S.S.G. § 1B1.10 cmt. n.1(A) (explaining that a lower guideline range pursuant to an amendment may be blocked "because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)"); *United States v. Peters*, 524 F.3d 905, 906-07 (8th Cir. 2008) (per curiam) (defendant not eligible for reduction below minimum sentence established by 21 U.S.C. § 841).

Second, and more fundamentally, neither this Court nor any other court can impose a sentence below a statutory mandatory minimum. Statutory mandatory minimums are, by definition, *mandatory*; courts do not have authority to sentence below them (with a couple of narrow exceptions[1]). *See United States v. Payton*, 636 F.3d 1027, 1049 (8th Cir. 2011) ("District courts lack the authority to reduce sentences below congressionally-mandated statutory minimums." (quoting *United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) (per curiam)). Even if the guidelines recommended a sentence below the mandatory minimum—and, as just explained, the guidelines never recommend such a sentence—the Court would still be required to impose the statutory minimum sentence, as the Sentencing Commission has "no authority to eliminate a statutory mandatory minimum imposed by Congress." *United States v. Golden*, 709 F.3d 1229, 1233 (8th Cir. 2013); *see also United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam) ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015).

---

[1] A court can impose a sentence below a mandatory minimum if the government asks the court to do so to reward the defendant for providing substantial assistance to the government. *See* 18 U.S.C. § 3553(e). A court can also impose a sentence below a mandatory minimum if the defendant qualifies for the "safety valve." *See* 18 U.S.C. § 3553(f). Neither of these exceptions applies to Padilla Garcia.

For these reasons, the Court cannot reduce Padilla Garcia's sentence below the statutory mandatory minimum of 120 months.  Padilla Garcia's motion to reconsider is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, Padilla Garcia's motion to reconsider [ECF No. 236] is DENIED

Dated:  July 31, 2015                s/Patrick J. Schiltz
                                                                 Patrick J. Schiltz
                                                                 United States District Judge